**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GREGORY L. BROWN, | No. 14-15188 |
| Plaintiff - Appellant, | D.C. No. 1:10-cv-00124-GSA |
| v. | |
| M. LOPEZ, Correctional Officer; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Gary S. Austin, Magistrate Judge, Presiding[**]

Submitted December 9, 2014[***]

Before:    WALLACE, LEAVY, and BYBEE, Circuit Judges.

Gregory L. Brown, a California state prisoner, appeals pro se from the

district court's judgment in his 42 U.S.C. § 1983 action alleging Eighth

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The parties consented to proceed before a magistrate judge.  *See* 28 U.S.C. § 636(c).

[***]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Amendment violations arising from an assault by other inmates. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Lemire v. Cal. Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1074 (9th Cir. 2013) (summary judgment); *Hamilton v. Brown*, 630 F.3d 889, 892 (9th Cir. 2011) (dismissal under 28 U.S.C. § 1915A); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)). We affirm.

The district court properly granted summary judgment for Lopez and Lantia because Brown failed to raise a genuine dispute of material fact as to whether they knew of and disregarded an excessive risk to Brown's safety. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (a prison official is deliberately indifferent only if the official knows of and disregards an excessive risk to an inmate's safety; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference"); *see also Nelson v. Pima Cmty. Coll.*, 83 F.3d 1075, 1081-82 (9th Cir. 1996) ("[M]ere allegation and speculation do not create a factual dispute for purposes of summary judgment."); *Taylor v. List*, 880 F.2d 1040, 1045 n.3 (9th Cir. 1989) (to raise a triable dispute of fact a declarant's statement must be based on personal knowledge).

The district court properly dismissed Brown's claims against Clark and

Reynoso because Brown failed to allege facts sufficient to show that they were deliberately indifferent to a substantial risk of serious harm to Brown. *See Starr v. Baca*, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (explaining supervisory liability under § 1983); *Hearns v. Terhune*, 413 F.3d 1036, 1041-42 (9th Cir. 2005) (to state a failure-to-protect claim, plaintiff must make sufficient factual averments "to raise an inference that the prison officials acted with deliberate indifference, or knew that [plaintiff] faced a substantial risk of serious harm, and disregarded that risk by failing to take reasonable measures to abate it" (citation and internal quotation marks omitted)).

**AFFIRMED.**